### GRACE v. LOUISVILLE & N. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1919.)

No. 3427.

1. TRIAL ☜171—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.
    Where a cause was submitted to the jury on evidence establishing a prima facie case for plaintiff and evidence in contradiction thereof, it was error, on their announcement of inability to agree, to direct a verdict for defendant, especially in the absence of plaintiff and his counsel.

2. APPEAL AND ERROR ☜280—RIGHT OF REVIEW—ESTOPPEL TO OBJECT.
    Where verdict for defendant was directed without motion therefor, and while plaintiff and his counsel were absent by agreement between counsel, defendant is estopped to object that plaintiff did not except at the time in the presence of the jury.

    Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action at law by Aaron Grace against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed, and new trial granted.

The record shows plaintiff in error, hereinafter styled plaintiff, being lawfully and by permission of defendant's agent on and aboard a moving train, was violently thrown off and ejected by the defendant's agents, to his great damage, etc., resulting in his falling under the moving train, being severely injured, mainly by loss of both of his legs. The defendant answered, specifically pleading the general issue and by notice as to evidence to be offered thereunder substantially pleaded that the plaintiff through his own negligence contributed to the injuries sued for.

The case was brought to trial before the court and a jury duly impaneled, and thereupon the plaintiff testified in his own behalf, substantially establishing the facts set forth in his declaration. This was followed with evidence to the contrary on the part of the defendant, mainly denying the facts testified to by plaintiff, and with evidence tending to show contributory negligence on the part of the plaintiff and impeaching the credibility of plaintiff and his witnesses. Then followed counter evidence in rebuttal, impeaching the credibility and character of the defendant's witnesses, and thereafter, according to the bill of exceptions, the following proceedings were had:

"Whereupon, both the defendant and the plaintiff having rested, the court charged the jury in substance that if they believed the testimony of the plaintiff, and believed that the plaintiff had made out his case by the preponderance of the evidence, and that the plaintiff had been thrown from the train, then the jury would find a verdict for the plaintiff in such a sum as would compensate him, etc.; but, on the other hand, if was the duty of the plaintiff to satisfy the minds of the jury by a preponderance of the evidence that his theory of the case was true, and that if he had failed to meet this burden, it was the duty of the jury to find a verdict for the defendant.

"Thereupon, at about 4 p. m., the jury retired to consider of their verdict, and the attorneys both for the plaintiff and the defendant, after having waited in the courtroom for fully an hour in anticipation of the verdict, agreed that the verdict of the jury might be received by the clerk in the absence both of themselves and the court. Plaintiff's attorneys then left for Gulfport. Afterwards, about 7 p. m., the jury notified the clerk that they were unable to agree upon a verdict, and the clerk notified the court of this fact. Whereupon the court came to the courtroom, ordered the jury into their box, ascertained that they were unable to agree upon a verdict, reviewed the facts of the case to them, and then ascertained that they were still unable to agree upon a verdict. Thereupon the court peremptorily instructed the jury to find a verdict for the defendant. All of which proceedings were had and done in the absence and without the knowledge or consent both of the plaintiff and his attorneys, and none of which became known to the plaintiff or his attorneys until the convening of court upon the following morning, when plaintiff was notified what proceedings had taken place, and that the following order had been entered on the minutes, to wit:

"'Aaron Grace v. L. & N. R. R. Company. No. 317.

"'Came the plaintiff in person and his attorneys, and came the defendant by its attorneys, and a jury having been duly selected, and both parties having offered evidence, and the jury, having considered of their verdict, returned into court and reported that they were unable to agree and thereupon the court charged the jury to find for the defendant and thereupon the following verdict was entered: "We, the jury, find for the defendant." And thereupon it is considered, ordered, and adjudged by the court that the defendant go hence without day, and have and recover against plaintiff its costs in this behalf. It is further ordered that plaintiff have sixty days within which to present a bill of exceptions. To all of which proceedings of the court the plaintiff then and there excepted and still excepts.

"'Whereupon counsel for plaintiff prays that this bill of exception may be sealed and signed by the judge of this honorable court, and same is signed and sealed accordingly this the 26th day of March, 1918.

"'H. C. Niles, Judge.'"

Among the errors assigned in this court are the following:

"III. The United States District Court erred in directing a verdict for the defendant. At the conclusion of this trial by the court and jury, the court instructed the jury both pro and con as set out in the bill of exceptions, and thereupon, about 4 o'clock p. m., the jury retired to consider of their verdict, and the attorneys both for the plaintiff and the defendant, after having waited in the courtroom for an hour in anticipation of the verdict, agreed that the verdict of the jury might be received by the clerk in the absence both of themselves and the court. Plaintiff and plaintiff's attorneys then left for Gulfport. Afterwards, about 7 o'clock p. m., the jury notified the clerk that they were unable to agree upon a verdict and the clerk notified the court of this fact. Whereupon the court came to the courtroom, ordered the jury into their box, ascertained that they were unable to agree upon a verdict, reviewed the facts of the case to them, and then ascertained that they were still unable to agree upon a verdict. Thereupon the court peremptorily instructed the jury to find a verdict for the defendant. All of which was done in the absence, and without the knowledge or consent, either of the plaintiff or his attorneys, and none of which became known to the plaintiff or his attorneys until the convening of court upon the following morning, when plaintiff was notified what proceedings had taken place, and that the following order had been entered on the minutes, to wit:

" 'Aaron Grace v. L. & N. R. R. Company. No. 317.

" 'Came the plaintiff in person and his attorneys, and came the defendant by its attorneys, and a jury having been duly selected, and both parties having offered evidence, and the jury, having considered of their verdict, returned into court and reported that they were unable to agree, and thereupon the court charged the jury to find for the defendant, and thereupon the following verdict was entered: "We, the jury, find for the defendant." And thereupon it is considered, ordered, and adjudged by the court that the defendant go hence without day, and have and recover against plaintiff its costs in this behalf. It is further ordered that the plaintiff have sixty days within which to present a bill of exceptions.'

"The District Court erred in not discharging the jury and entering an order of mistrial. The jury had been out of their box with the case under advisement for several hours, and announced that they were still unable to agree upon a verdict. Thereupon the court promptly instructed the jury to find a verdict for the defendant, instead of discharging the jury and entering an order of mistrial.

"IV. The United States District Court erred in directing a verdict for the defendant when the testimony was directly in conflict, and when the testimony for the plaintiff, if believed by the jury, made out a perfect case for the plaintiff. The plaintiff testified that he was riding upon the defendant's freight train by consent and with permission of the head brakeman; that while he was so riding he was mercilessly ejected from the train while it was running at a rapid rate of speed, contrary to all the laws of decency and humanity. Certain features of the plaintiff's testimony were supported by several other witnesses. This testimony was denied by, and was directly in conflict with the testimony of, the witnesses for the defendant. Instead of leaving the decision of this conflict in the facts to the jury, the court resolved the conflict in favor of the defendant, and instructed the jury to find for the defendant, thereby usurping the province of the jury.

"The United States District Court erred in directing a verdict for the defendant, where there was a material conflict in the testimony as above stated, and violated the right of the plaintiff under the Seventh Amendment to the Constitution of the United States.

"V. The United States District Court erred in directing a verdict for the defendant in the absence both of plaintiff and plaintiff's attorneys. This deprived plaintiff of his right to take a nonsuit. If plaintiff had been present when the court indicated its purpose to direct a verdict for the defendant, it would have been open to the plaintiff to take a voluntary nonsuit, which would have enabled him to make fuller and better presentation of his case, if the facts permitted, at another trial in another suit. But plaintiff and his

attorneys being absent, they were wholly deprived of their right to adopt this course."

George S. Dodds, of Gulfport, Miss., for plaintiff in error.

Gregory L. Smith, of Mobile, Ala., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). [1] As the cause was submitted to the jury upon a prima facie case establishing the plaintiff's claim for damages, and depending for sufficiency wholly upon the credibility given to the plaintiff's witnesses, and also upon conflicting evidence as to contributory negligence on the part of the plaintiff and upon evidence tending to impeach the credibility of witnesses of both the plaintiff and the defendant, and without any motion on either side to direct a verdict, it was clearly erroneous for the court below of its own motion to take the case from the jury by instructing a verdict for the defendant, and requires a reversal.

Particularly is this reversal required because the instruction for a verdict for the defendant was made in the absence of and without the knowledge of the plaintiff and his counsel, thereby depriving the plaintiff of his right to make seasonable objections thereto and reserve a proper bill of exceptions, or of taking a nonsuit at his option.

[2] The defendant's opposition in this court to the plaintiff's relief under this writ of error is that objections were not made in court at the time of the instructed verdict and exceptions reserved in the presence of the jury and before its discharge, and the authorities cited by him are in support of this opposition.

However, as the bill of exceptions granted by the court below shows that the absence of the plaintiff and his counsel was the result of an agreement between the parties, evidently made with the knowledge and consent of the court and with a view to the absence of counsel when the verdict should be received, we are of opinion that the defendant is estopped from invoking the claimed rule in this case.

The fourth and fifth assignments of error are well taken.

The judgment of the District Court is reversed, and the cause is remanded, with instructions to grant a new trial.

WALKER, Circuit Judge, dissents.